UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                         :
TRUSTEES OF THE DRYWALL TAPERS     :
AND POINTERS LOCAL UNION NO. 1974  :      19 Civ. 7273 (LGS)
BENEFIT FUNDS, ET AL.,                  :
                          Plaintiffs,    :            <u>ORDER</u>
                                         :
               -against-            :
                                         :
EXCELLENCE DRYWALL, LLC,          :
                          Defendant.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, by the Default Judgment Order dated November 26, 2019, Plaintiffs were granted judgment against Defendant "in the liquidated amount to be determined in a post-default judgment inquest," including "attorneys' fees . . . and court costs and disbursements of this action" (Dkt. No. 26). Plaintiffs were also directed, in the post-default judgment inquest, to file "evidentiary support" of "attorney's fees and costs sought.";

      WHEREAS, on August 14, 2020, Magistrate Judge Kevin Fox issued a Report and Recommendation (the "Report"), recommending that Plaintiffs be awarded $3,854, consisting of: (1) $629 in costs and disbursements in this action; and (2) $3,225 in reasonable attorneys' fees. (Dkt. No. 45). On September 1, 2020, a copy of the Report was mailed to Defendant by Plaintiffs. (Dkt. No. 46);

      WHEREAS, as stated in Judge Fox's Report, the deadline for any objections was seventeen days from service of the Report by mail;

      WHEREAS, no objections were timely filed;

      WHEREAS, in reviewing a Magistrate Judge's Report, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Notes; *accord Niles v. O'Donnell*, No. 17 Civ. 1437, 2019 WL 1409443, at *1 (S.D.N.Y. Mar. 28, 2019);

WHEREAS, the Court finds no clear error on the face of the record as to the recommendation of attorneys' fees and court costs and disbursements;

WHEREAS, although not explicitly requested, post-judgment interest is also awarded.  "Pursuant to 28 U.S.C. § 1961, '[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'"  *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alteration in original) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).  It is hereby

**ORDERED** that the Report and Recommendation is ADOPTED as modified.  Plaintiffs shall be awarded $3,854 -- consisting of (1) $629 in costs and disbursements in this action and (2) $3,225 in reasonable attorneys' fees -- plus post-judgment interest, calculated at the statutory rate prescribed by 28 U.S.C. § 1961.

The Clerk of Court is respectfully requested to close the case.

Dated: September 21, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE